Mr. Omari Tahir aka James C. Garrett
Private Attorney General
P.O. Box 22328
Seattle, Washington 98122

FILED ___ ENTERED
LODGED ___ RECEIVED

SG   NOV 18 2015

AT SEATTLE
CLERK U.S. DISTRICT COURT
BY WESTERN DISTRICT OF WASHINGTON
                                      DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| OMARI TAHIR aka, JAMES C. GARRETT, individually and as Private Attorney General,<br><br>Plaintiff,<br><br>- vs. -<br><br>RONALD ENGLISH, individually and in his OFFICIAL CAPACITY as the General Counsel of SEATTLE PUBLIC SCHOOL DISTRICT NO. 1; LARRY DORSEY, Individually and in his Official Capacity as the PUBLIC SAFETY DIRECTOR of SEATTLE PUBLIC SCHOOL DISTRICT NO. 1; SEATTLE PUBLIC SCHOOL DISTRICT No. 1; DOES 1-250,<br><br>Defendants. | 15 CV-01819 MJP<br><br>Case No.:<br><br>COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS, FALSE ARREST, ABUSE OF PROCESS, WRONGFUL FORCIBLE EVICTION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (OUTRAGE), NEGLIGENCE,<br><br>(JURY TRIAL DEMANDED) |

**OMARI TAHIR GARRETT, the Plaintiff herein** by and through proceeding as private attorney general, allege as follows:

## I. JURISDICTION

1. This court has jurisdiction over the subject matter of this action pursuant to 6 Title 28, United States Code Sections 1331, 1332, 1343, and 1367, and venue is 7 properly set in the Western District Federal Court pursuant to 28 U.S.C. 1391. 8 2. The claims upon which this suit is based occurred in this judicial district. 9 3. PLAINTIFF is informed and believe, and on that basis allege, that each of the 10 named Defendants reside in this judicial district.

CIVIL ACTION - 1

## II. PARTIES

2.1     **Plaintiff** OMARI TAHIR-GARRETT is a single man residing primarily in the State of Washington, in KING County within the Western District of Washington. Plaintiff is the President of the *African American Heritage Museum & Cultural Center*, 16 which is a member organization of the *More 4 Mann Coalition*. Plaintiff was targeted by Defendant English and Seattle Public School District No. 1 for this deliberate false arrest and banning in an attempt to silence his voice and activism.

2.4 <u>Defendant</u> RONALD ENGLISH, upon belief resides in King County within the Western District of Washington State and, upon information and belief is and was at the time of the injuries complained of in this complaint, the GENERAL COUNSEL of the SEATTLE PUBLIC SCHOOL DISTRICT acting within the course and scope of his duties, albeit in abuse of his power and authority, and out of personal and professional animus towards PLAINTIFF and a desire to literally silence them and their activism. Defendant English has a many year history of such abuses of power under color of authority.

2.5 **Defendant** LARRY DORSEY upon belief resides in KING County within the Western District of Washington State and, upon information and belief is and was at the time of the injuries complained of in this complaint, the PUBLIC SAFETY DIRECTOR of the SEATTLE PUBLIC SCHOOL DISTRICT acting within the course and scope of his duties, albeit in abuse of his power and authority and out of personal and professional animus towards Plaintiffs, acted in a blatantly and obviously Unconstitutional and unfair manner to literally silence them and their activism.

2.6 **DEFENDANT** SEATTLE PUBLIC SCHOOL DISTRICT NO. 1 is a government entity in the City of Seattle, KING COUNTY governed and functioning under the laws of the State of Washington. It employs DEFENDANTS ENGLISH and DORSEY, as well as John and Jane Doe officials, employees, and supervisors of the SEATTLE PUBLIC SCHOOL DISTRICT and other, advised the individual Defendants and/or failed to properly train, supervise, or discipline them. English, Dorsey and other of its

agents, representative, administrators have acted in a long term pattern of such abuses as are detailed in this complaint

2.7 There are other persons, identities presently unknown to PLAINTIFF who is, and were at all times mentioned herein, supervisors, commanders and or other personnel, training, and/or disciplining officers, and/or decision-makers of the SEATTLE PUBLIC SCHOOL DISTRICT and or other agencies who acted in concert with the above named Defendants and who devised or approved the actions wherein PLAINTIFF was arrested, attacked, banned from all school district property, meetings, and events verbally abused, inappropriately threatened, evicted, etc. in the incident in question that is the subject of this action and in doing the things hereinafter alleged, acted under color of state law as agents of SEATTLE PUBLIC SCHOOL DISTRICT NO. 1 and with that agency's full consent and approval.

2.8 DOES 1-250 are, and were at all times mentioned herein, supervisors, commanders and or other personnel, training, and/or disciplining officers, and/or decision-makers of the SEATTLE PUBLIC SCHOOL DISTRICT and or other agencies who acted in concert with the above named Defendants and who devised or approved the actions wherein PLAINTIFF was arrested, attacked, banned from all school district property, meetings, and events verbally abused, inappropriately threatened, evicted, etc. in the incident in question that is the subject of this action and in doing the things hereinafter alleged, acted under color of state law as agents of SEATTLE PUBLIC SCHOOL DISTRICT NO. 1 and with that agency's full consent and approval.

2.9    This action is brought pursuant to the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C. 1983, 1988, and Violations of Article 1 of the Washington Constitution, Washington common law Intentional Torts as well as Washington common law negligence.

### III. FACTS

3.1 Plaintiff Omari Tahir-Garrett is a Seattle Public School District graduate, parent of Seattle Public school District graduate, Seattle Public School District Social Studies teacher, Seattle Public School District contractor, DBA Continental Contractors, Co-Chair of the Black Alliance For Education

CIVIL ACTION - 3

and Founder and President of the African American Heritage Museum and Cultural Center at the former Colman school Site and longtime African-American community and education activist.

3.2 During the course of his many decades of activism, the Seattle School District has acted many times, by a variety of methods to exclude and short change African American students and deprive them of a full and equal education.. In addition Seattle Public School has excluded African American Contractors from participating in School District contracts and sabotaged efforts for accurate and inclusive African American history.

3.3. In 1975, Mr. Tahir-Garrett's peers acted to elect him Co-Chair of the Black Alliance For Education in 1970, a position that he has retained since.

3.4 Mr. Tahir-Garrett has a lengthy history of political activism and advocacy, Tahir Garrett has taught and organized Black Studies classes curricula as a supplement to the inadequate ethnic studies Education provided by the District.

3.5 In 1985, Tahir-Garrett and other members of the African American community organized by him began an occupation of the then vacant Colman School to prevent its demolition and demand its conversion into an African-American Heritage Museum and Community Center.

3.6.  This occupation continued for more than 13 years with educational programs being conducted in the building the entire time.

3.7.  In 1998, the Seattle School District reached a written purchase and sale agreement with Tahir-Garrett and his organization for sale of the building to them.

3.8. At the insistence and orchestration of Defendant Ronald English, the District unilaterally voided the agreement and ultimately fraudulently conveyed the building to the Urban League, who had no involvement in the actual occupation or campaign, to be converted into luxury condominiums and Poster museum while eliminating the Cultural Center component similar to El Centra De La Raza, Daybreak Star, in violation of City of Seattle Mayor Norman Rice's Final Report Study, paid for by federal financial assistance, per Title 42, U.S.C.S. § 2000-d.

CIVIL ACTION - 4

3.9 Defendant English then ordered the Seattle Police Department to forcibly remove Tahir-Garrett and other volunteers, arrest them, and confiscate their educational materials, all of which was done.

3.10. In 2007, English and Seattle Public School District had Tahir-Garrett forcibly removed from a school board meeting and again arrested (violently) without reasonable cause or justification to silence his speech.

3.1.1 That arrest was pursuant to an unjustified and Unconstitutional one year ban on attendance at school board meetings and events identical to the one in the present matter.

3.12. The English and the School District also requested a no contact order and scheduled the hearing in that matter exactly contemporaneously with Tahir-Garrett's arraignment for the arrest at the school board meeting discussed above leaving Tahir Garrett with a Hobson's choice of which hearing to miss.

3.13. Plaintiff also long-time activists with extensive ties to the Central District and the African-American community's struggles for education, fair housing, cultural expression, and against racism and gentrification.

3.14. The defendant English caused plaintiff to be arrested and falsely convicted by falsely claiming that plaintiff's organization the African American Museum & Cultural Center purchase and sell agreement had not been signed by both seller and purchaser, thereafter, defendant admitted he had lied in a correspondence written to Seattle Public School Board Director Mary Bass.

3.15. When the courts discovered the scheduling issue, after the fact, both matters were dismissed.

3.16. In 2013, all three Plaintiff was among many participants in an occupation of the Horace Mann School on E. Cherry Street in Seattle.

3.17. The school had been closed for a number of years, and the Seattle School District had been leasing it to a number of community groups that were engaged in community education.

3.18.   The lease had expired, at least according to the District, but PLAINTIFF and other were in negotiation on a location for the programs to proceed temporarily while renovations were made to the building, and thus were holdover tenants (as the Superior Court held to be true in its findings of fact and in this matter).

3.19.   The two locations proposed by the District were the portable class rooms at Mann, that were in dire structural shape, and have since been torn down, and a school in Columbia City, miles from Mann, and from the community that Petitioners sought to serve.

3.20.   On November 7, 2013, the Superintendent of Schools, at the insistence of Defendant English, and in the face of the tentative agreement to negotiate a resolution to thereafter, issued a trespass order, effective the following day, to anyone remaining at the Mann School as of the following days.

3.21.   Instead of going to court and seeking an order of eviction, wherein PLAINTIFF could have responded, and instead of following any aspect of the process for a proper eviction, on November 19, 2013, English and the District sent the Seattle Police Department in to raid the building and arrest Plaintiffs.

3.22.   PLAINTIFF and one other individual were arrested while demanding that they be given a proper location to conduct African-American community education that the District was not providing, and that they be guaranteed re-entry to Mann School when the renovations were complete, work that the District conceded was good and important

3.23.   They were taken to the holding facility at the East Precinct on a charge of trespass, but were never criminally prosecuted, but held for several hours.

3.24.   As PLAINTIFF was released and left the jail, they were individually hand-served with orders, signed by Defendant Larry Dorsey, the Safety Manager for the District, at the direction of Defendant English, banning them from all Seattle School District property, events, and meetings, specifically including all School Board meetings for a one year period.

3.25.   Following the procedures outlines in the exclusion orders, Petitioners demanded an appeal hearing, and also timely appealed to King County Superior Court.

CIVIL ACTION - 6

3.26. The hearing was held on December 12, 2013 at the School District Headquarters on Landers Street in Seattle, with the sole hearing officer being Larry Dorsey, who had issued the exclusion orders, and who was not a lawyer or a justice of the peace.

3.27. Throughout the hearing Deputy General Counsel Ronald Boy reminded Dorsey that Dorsey worked for the District.

3.28. Each side was only allotted ten minutes to present their case.

3.29. The District failed to provide the rules for the hearing until late afternoon of the day before, despite repeated requests, and did not notify PLAINTIFF or their counsel that a brief was allowed.  There were not written rules available on any website or in any code book.

3.30. The only way that PLAINTIFF learned that a brief was allowed was by receiving one after 4:30 PM on the day before the hearing.

3.31. Counsel for PLAINTIFF objected to these failures at the beginning of the hearing, further objected to the briefness of time allotted for argument, and also strenuously objected to the fact that the sole hearing officer was the issuer of the order appealed from.

3.32. Neither the District nor Dorsey responded in any way to those objections nor made any attempt to give the hearing even the appearance of fairness.

3.33. PLAINTIFF focused their argument on the fundamental 1st Amendment violation of banning PLAINTIFF from all school board meetings, where there was no allegation that they had ever disrupted any school board or other meeting, and where they had made clear that school board and district policies were issues of great concern to them.

3.34. The District focused its argument solely on the fact that these individuals were arrested at the Mann School and that that cost the District money, and therefore the ban was appropriate.  The District did not cite a single example of any of petitioners or anyone associated with them disrupting or interfering with a School Board Meeting on any way.

3.35. Virtually all of the hearing officer's questions pertained to the supposed trespass and arrest.

CIVIL ACTION - 7

3.36. Not remotely surprisingly, Defendant Dorsey issued an order 9 days later, on December 18, 2013 upholding his banning orders.

3.37. Per School District and State Court Rules, PLAINTIFF then appealed to King County Superior Court.

3.38. Due to the extreme crowding of the KCSC calendar, and the court's procedures, the appeal was not heard by a King County Superior Court Judge until July 25, 2014.

3.39. In that eight months, PLAINTIFF was deprived of attending more than 60 school board meetings, hearings, and community events and meetings that took place at school facilities.

3.40. Since schools are often the primary public buildings in neighborhoods, many events and public meetings take place at schools.

3.41. In addition, PLAINTIFF was deprived of their right to continue conducting African-American community education programs since they were banned from the Columbia school were those programs were relocated to.

3.42. At the appeal hearing Superior Court Judge Kimberley Prochnau excoriated the District for its complete disregard of the First Amendment Rights of Plaintiffs, the Open Meetings Act, and the Appearance of Fairness Doctrine and reversed the decision of Dorsey, lifting the ban on Plaintiffs' attendance of school board meetings, hearings, and all other public events and meetings taking place at school district facilities.

3.43. Speaking to the SPS attorney Ronald Boy, a subordinate of Defendant English, the Judge said there is "a paucity of law supporting the School District because they know there is no law that supports their position."

3.44. PLAINTIFF immediately resumed their organizing, advocacy, and educational activities, but a great deal of harm had been done to those programs that they were denied input on for eight months.

3.45. The segregation and unequal education and discriminatory discipline against the African American community by the Seattle School District continues unabated.

3.46. On August 25, 2014, PLAINTIFF served notarized claims for damages on the Office of the General Counsel for Seattle School District No. 1, as specified by District policies and rules.

3.47. PLAINTIFF also mailed the claims to the District's Office of General Counsel.

3.48. On September 24, 2014, Stewart Estes of Keating Bucklin acknowledged the claims and announced that he would be representing the District.

3.49. After an exchange, PLAINTIFF made a settlement offer to Mr. Estes.

3.50. No response was ever received from the District.

This action now follows:

## IV. **STATEMENT OF DAMAGES**

4.1    As a direct and proximate result of the intentional and/or negligent acts of Defendants, PLAINTIFF sustained deprivation of their First, Fourth, Fifth and 14th Amendment Rights, deprivation of liberty, silencing of their speech and organizing, denial of their right to a fair hearing, wrongful eviction and termination of their educational programs, ongoing pain and suffering-, and injury and damage to their reputations, all in amounts that will be established at trial.

4.2    As a further direct and proximate result of the intentional and/or negligent acts of Defendants, PLAINTIFF had to retain counsel for their appeals and civil legal counsel to vindicate their rights in court at an amount to be established at trial and for which they are entitled to be reimbursed.

4.3    As a further direct and proximate result of the intentional and negligent acts of the Defendants, PLAINTIFF has lost property in an amount to be established at trial and for which they are entitled to be reimbursed.

3.4 As a further direct and proximate result of the intentional and negligent acts of the Defendants, PLAINTIFF has incurred significant cost, in an amount to be established at trial and for which they are entitled to be reimbursed.

4.5 PLAINTIFF are entitled to compensation for the Constitutional and personal harms Defendants inflicted on them.

## V. CAUSES OF ACTIONS:

### COUNT ONE

### VIOLATION OF CIVIL RIGHTS
### (TITLE 42 U.S.C. SECTION 1983)
### (As To All Individual Defendants and DOES 1-100)

5.1.  PLAINTIFF reallege and incorporate herein by reference the allegations set forth in Paragraphs 1 through 4.5 of this complaint.

5.2.  In committing the acts complained of herein, Defendants acted under color of state law to deprive PLAINTIFF as alleged herein, of certain Constitutionally protected rights including, but not limited to:

(a)  The right not to be deprived of liberty without due process of law;

(b) The right to be free from invasion or interference with Plaintiff' zone of privacy;

(c)  The right to equal protection under law;

(d)  The right to be free from unreasonable seizure;

e) The right to Free Expression, to Petition the Government for redress of grievances, and to freely associate and engage in political discussion and organizing with others of their choosing, and to attend, hear and be heard at public meetings on issues of concern to them.

(f) The right to be free from abusive regulatory and prosecutorial action in retaliation for their exercise of their First Amendment Rights to Free Expression, and to Petition the Government for Redress of Grievances.

(g)  The right to be free from arbitrary and discriminatory law enforcement, and regulatory action;

(h) The right to be free from False Arrest in violation of their First, Fourth, and 14th Amendment Rights.

(i) The right to a process that involves full and fair hearings.

5.3 In violating PLAINTIFF rights as delineated above, and other rights according to proof, Defendants acted by deliberate administrative action, and use of other public agencies to act for them knowing they did not have probable cause or Constitutional right upon which to base the arrest, banning, verbal threat and intimidation, unreasonable and unprovoked regulatory action, or by ratifying personally the above listed conducts, and proffering arrest and banning under false pretenses based on their biases without PLAINTIFF having committed any crime or violation, Defendants acted to violate Plaintiffs' rights under the First, Fourth, Fifth, and 14th Amendments to the U.S. Constitution.

5.4 DOES 1-100 are the other School District Administrators, policymakers, and employees involved directly or indirectly in the incident in question.

5.5. As a direct and proximate result of the violations of their Constitutional rights by Defendants, and each of them, PLAINTIFF suffered general and special damages as alleged in this complaint.

5.6. The conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

WHEREFORE, PLAINTIFF pray for relief as hereinafter set forth.

### COUNT TWO

**Violation of Civil Rights**
**(Title 42 U.S.C. Section 1983)**
**(As To DEFENDANTS SEATTLE SCHOOL DISTRICT**
**NO. 1, ENGLISH, DORSEY and Does 101-250)**

5.7. PLAINTIFF reallege and incorporate herein by reference the allegations set forth in Paragraphs 1 through 5.6 of this complaint.

5.8. At all times herein mentioned Defendant SEATTLE SCHOOL DISTRICT No. 1 employed Defendants ENGLISH, DORSEY, and other District employees and officers who were involved in the Constitutionally violative and tortious conduct against Plaintiffs.

CIVIL ACTION - 11

5.9 The DISTRICT THROUGH ITS SCHOOL BOARD AND SUPERINTENDENT then ratified and approved the conduct of their subordinate MANAGERS/employees/officers and, failed to properly train, supervise, and discipline those Managers/employees/officers, and directed them to carry out their tortious and Constitutionally violative conduct resulting in the harm to Plaintiffs.

5.10 These acts and omissions deprived PLAINTIFF of his rights secured by the Constitution of the United States, including, but not limited to their rights under the First, Fourth, Fifth, and 14th Amendments to the U.S. Constitution, and their rights under the Washington State Constitution.

5.11 In committing the acts complained of herein and in their official and individual capacity, Doe Defendants acted with a design and intention to deprive PLAINTIFF of their rights secured by the Constitution of the United States and acted with deliberate indifference to Plaintiff's rights.

5.12. As a direct and proximate result of the acts complained of herein, PLAINTIFF have suffered general and special damages as set forth in this complaint.

5.13 The conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

WHEREFORE, PLAINTIFF pray for relief as hereinafter set forth.

### COUNT THREE
### FALSE ARREST
### (As to All DEFENDANTS)

5.14 PLAINTIFF re-allege and incorporate herein by reference the allegations set forth in Paragraphs 1 through 5.13 of this complaint.

5.15 DEFENDANTS SEATTLE SCHOOL DISTRICT NO. 1, through its School Board, then Superintendent, and through Defendants ENGLISH, DORSEY, and Does 101-200, all of whom devised the tactic, directed the Seattle Police Department to arrest members of the More 4 Mann coalition and education team, including Plaintiff, who were in possession of the Horace Mann school site and took

CIVIL ACTION - 12

them to jail without legal cause or justification, a repeat of a the unlawful June 4th, 1998, Colman School arrest of Plaintiff.

5.16 The seizure and arrest of PLAINTIFF without probable cause or a warrant violated PLAINTIFFS' rights under the Washington State and U.S. Constitutions, and further resulted in the Unconstitutional banning orders that followed, and the harm caused thereby.

5.17 The conduct of Individual and Doe DEFENDANTS was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts herein alleged.

5.18 As a direct and proximate result of the acts complained of herein, PLAINTIFF has suffered general and special damages as set forth in this complaint.

WHEREFORE, PLAINTIFF pray for relief as hereinafter set forth.

### COUNT FOUR

### FALSE IMPRISONMENT
### (As to all DEFENDANTS)

5.19 PLAINTIFF re-alleges and incorporates herein by reference the allegations set forth in Paragraphs 1 through 5.18 of this complaint.

5.20 As a result of the false arrest and transportation to jail at the direction and order of DEFENDANTS detailed above, PLAINTIFF was held at the East Precinct Jail for a significant period of time until cited, released and handed the banning orders. PLAINTIFF, were subjected to humiliating and extremely unpleasant conditions at the jail.

5.21 PLAINTIFF was unjustly deprived of liberty for the period of detention, arrest, and imprisonment.

5.22 The false detention and arrest of PLAINTIFF was directly and proximately caused by Supervising DEFENDANTS' failure to properly train, supervise and discipline PLAINTIFF, especially in light of previous incidents that had been brought to their attention.

5.23. As a further direct and proximate result of the false arrest and imprisonment of PLAINTIFFS, they suffered physical, emotional, and financial damages and injuries as heretofore alleged in this complaint.

5.24. The conduct of DEFENDANTS was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts herein alleged.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## COUNT FIVE

### BATTERY AND ASSAULT
### (As to all DEFENDANTS)

5.25 PLAINTIFF reallege and incorporate herein by reference the allegations set forth in Paragraphs 1 through 5.24 of this complaint.

5.26 By directing and ordering the forcible arrest of PLAINTIFF without Probable Cause or justification, DEFENDANTS caused the arresting officers to make harmful and/or offensive contact with PLAINTIFF without a legitimate law enforcement purpose in doing so.  This extreme conduct and unjustified battery reasonably caused PLAINTIFF to imminently fear additional harm and offensive contact and PLAINTIFF did anticipate such additional contact.

5.27 The battery and assault of PLAINTIFF was directly and proximately caused by the Districts and its Board and Superintendent's failure to properly train, supervise and discipline Defendants, including Doe Defendants, especially in light of previous incidents that had been brought to their attention.

5.28 As a direct and proximate result of the violation of their rights by DEFENDANTS, and of DEFENDANTS' directed tortious conduct towards PLAINTIFFS, PLAINTIFF suffered general and special damages as alleged in this complaint.

5.29 The conduct of DEFENDANTS was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

WHEREFORE, PLAINTIFF pray for relief as hereinafter set forth.

## COUNT SIX
## ABUSE OF PROCESS
## (As to All DEFENDANTS)

5.30 PLAINTIFF reallege and incorporate herein by reference the allegations set forth in Paragraphs 1 through 5.29 of this complaint.

5.31 DEFENDANTS DISTRICT, ENGLISH, and Dorsey, and all Doe defendants involved with them, categorically and without legal or Constitutional justification banning PLAINTIFF from First Amendment activities, public meetings, and other protected activities and deliberately silencing their voices by use of an unlawful, Unconstitutional (5h and 14th Amendment violative) l, and fundamentally unfair and abusive process designed to ensure that they had no access to justice during the period of the process acted deliberately, using the threat of arrest and absurd administrative "remedies" to cause the Constitutional harms discussed throughout this complaint.

5.32 This abuse of process resulted in an eight-month-long strangling of Plaintiffs' First Amendment Rights until they were able to get a hearing before a Superior Court Judge who immediately reversed the process and restored Plaintiffs' Constitutional Rights.

5.33 This tortious abuse of process also forced PLAINTIFF to hire private counsel at significant expense to vindicate their rights.

CIVIL ACTION - 15

5.34 As a direct and proximate result of the violation of their rights by DEFENDANTS, and of DEFENDANTS' tortious conduct towards PLAINTIFF suffered general and special damages as alleged in this complaint.

5.34 The abuse of process against PLAINTIFF was according to District policies and procedures and was was directly and proximately caused by The District, its board and its superintendent's failure to properly train, supervise and discipline Defendants ENGLISH, DORSEY, AND DOES 101-200, especially in light of previous incidents that had been brought to their attention.

5.35 The conduct of DEFENDANTS was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

WHEREFORE, PLAINTIFF pray for relief as hereinafter set forth.

## COUNT SEVEN

### WRONGFUL FORCIBLE EVICTION/DETAINER
### (AS TO ALL DEFENDANTS)

5.36 PLAINTIFF reallege and incorporate herein by reference the allegations set forth in Paragraphs 1 through 5.35 of this complaint.

5.37 In ordering and directing THE SPD raid, removal and arrest of Plaintiff and others, and seizure and holding of the Mann School site, Defendants DISTRICT, ENGLISH, DORSEY, and Does 101-200, acted in direct violation of the rights of Plaintiff and others as holdover tenants attempting to negotiate an extension/new conditions of their lease, and violated the legally mandated eviction process detailed in RCW Title 59, and carried out a wrongful forcible eviction/detainer as specified and barred by RCW 59.10-59.20, causing great harm to Plaintiff and others and completely disrupting their educational and First Amendment activities.

5.38 Plaintiff are therefore entitled to damages as specified in RCW Title 59.

CIVIL ACTION - 16

5.39 The acts of DEFENDANTS were extreme and outrageous, and would be so seen and would shock the conscience of a reasonable person.

5.40 The conduct of DEFENDANTS was willful, malicious, oppressive, extreme and outrageous and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

## COUNT EIGHT
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (As to All DEFENDANTS)

5.41 PLAINTIFF reallege and incorporate herein by reference the allegations set forth in Paragraphs 1 through 5.40 of this complaint.

5.41 In carrying out the Constitutional Violations, ordered use of excessive force, false imprisonment, false arrest, abuse of process, wrongful eviction and other acts alleged throughout this complaint, DEFENDANTS, and each of them sought to cause emotional distress and trauma to PLAINTIFFS, and Plaintiff did suffer such emotional distress with accompanying physical symptoms.

5.42 As a direct and proximate result of the violation of their Constitutional rights by DEFENDANTS, Plaintiff suffered general and special damages as alleged in this complaint.

5.43 The acts of DEFENDANTS were extreme and outrageous, and would be so seen and would shock the conscience of a reasonable person.

5.44 The conduct of DEFENDANTS was willful, malicious, oppressive, extreme and outrageous and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

## COUNT NINE
### NEGLIGENCE
### (As to All DEFENDANTS)

CIVIL ACTION - 17

5.45 Plaintiff and incorporates herein by reference the allegations set forth in Paragraphs 1 through 5.44 of this complaint.

5.46 DEFENDANTS, and each of them, owed PLAINTIFF a duty to use due care AND FOLLOW THE CLEARLY STATED LAWS at or about the times of the aforementioned incidents.

5.47 In committing the aforementioned acts and/or omissions, DEFENDANTS, and each of them, negligently breached said duty to use due care, directly and proximately resulting in the injuries and damages to the PLAINTIFF as alleged herein.

WHEREFORE, PLAINTIFF pray for relief as hereinafter set forth.

## VI. JURY TRIAL DEMAND

6.0 PLAINTIFF hereby demand a jury trial in this matter.

## VII. PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF pray for judgment against the Defendants as follows:

1. For general damages including pain and suffering together with special damages for Plaintiffs' reasonable and necessary legal expenses, and medical expenses both past and future, the exact amount of which will be established at the time of trial;

2. For punitive damages in an amount to be proven at trial pursuant to Federal and State law;

3. For actual attorney's fees and litigation costs, both for the APPEAL case, and this civil matter, pursuant to 42 U.S.C. 1988;

4. For statutory attorney's fees and costs; and

5. For court supervised training and regulations requiring that the involved agencies and officers properly train their employees/officers on proper procedures for administrative action, proper administrative hearing procedures, respect for the Constitutional Rights of the public and interaction with the public, and institute proper investigative and disciplinary procedures.

6. For such other and further relief as the Court deems just and proper.

DATED this ~~4th~~ 18th day of November, 2015.

Respectfully submitted,

*Omari Tahir-Garrett*

Omari ~~Thair~~ Tahir-Garrett
Private Attorney General

CIVIL ACTION - 19